UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DONALD COOK      PLAINTIFF

v.      Civil No. 1:18-cv-0076-GHD-DAS

MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE CO., *et al.*      DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Donald Cook, on behalf of himself and others, alleges that Defendants, three separate insurance companies, misclassified him as an independent contractor and failed to pay him overtime pay in violation of the Fair Labor Standards Act. Defendants filed motions to dismiss the claims [11, 13, 30]. Cook has responded and the matter is now ripe for review. Having considered the matter, the Court finds the motions should be granted in part and denied in part.

### Background

Cook is a former "Agency Manager," for the Defendants. In this role he managed insurance agents who sold insurance lines for all three defendants: Southern Farm Bureau Life Insurance Company ("SFB Life"), Southern Farm Bureau Casualty Insurance Company ("SFB Casualty"); and Mississippi Farm Bureau Casualty Company ("Mississippi Farm Bureau"). Since at least 2004 Cook performed this role pursuant to an Agency Manager's Contract. A 2004 version of the Contract featured both SFB Casualty and Mississippi Farm Bureau as parties while a 2017 version featured only Mississippi Farm Bureau. *See*, Compl. Ex. 1 & 2, Agency Manager Contracts [1-1, 1-2].[1]

---

[1] SFB Life also provided a contract it maintained with Cook. *See* Ex. 1 to Declaration of Michael Heard, SFB Life's Motion to Dismiss for Failure to State a Claim, Ex. 1 [30-1].

1

Cook alleges that Defendants, acting as joint employers, misclassified him as an independent contractor, when in reality he was an employee, and that Defendants did not pay him overtime pay for weeks in which he worked in excess of 40 hours, in violation of the Fair Labor Standards Act ("FLSA"). Defendants filed the pending motions seeking to dismiss the complaint for failing to state a claim.

## 12(b)(6) Standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the

speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Analysis

Cook alleges four causes of action against Defendants: a failure to pay overtime wages (count 1); a failure to keep time records (count 2); a failure to pay FICA taxes (count 3); and a failure to withhold FICA taxes from Plaintiffs' pay (count 4).

Defendants argue that there are no private causes of actions for a failure to keep time records under FLSA or a failure to pay and withhold FICA taxes. Cook concedes that point. Therefore counts 2, 3, and 4 of the complaint will be dismissed.

Turning to the failure to pay overtime wages claim, Defendants object to Cook's grouping of all three Defendants under the single moniker of "Farm Bureau". They each argue that Cook's grouping of the Defendants under a single name prevents Cook from alleging an employment relationship with each Defendant, and that Cook has not successfully pleaded he is jointly employed by Defendants. Defendants further argue that that Cook has failed to allege facts about their hours worked necessary to support their claim.

FLSA requires employers to compensate employees who work more than 40 hours a week with overtime pay on those excess hours. 29 U.S.C. § 207(a). If more than one person or entity controls an individual, they may be considered "joint employers":

> [I]f the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of [FLSA].

3

29 C.F.R. § 791.2. Joint employers "are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek." *Id.*

Defendants must first each "employ" Cook, before they can be his "joint employers". *See Joaquin v. Coliseum Inc.*, No. A-15-CV-787-LY, 2016 WL 3906820, at *7 (W.D. Tex. July 13, 2016), *report and recommendation approved sub nom. Joaquin v. Hinojosa*, No. A-15-CV-787-LY, 2016 WL 7647630 (W.D. Tex. Aug. 2, 2016) (rejecting plaintiffs' joint employment theory against entities where plaintiffs failed to allege employment with each entity). Thus, the Court must first determine whether Cook has plead that each Defendant was his employer.

I. **Employment Status**

FLSA's maximum hours provision applies to "employers." *See* 29 U.S.C. § 207. Thus, an initial question in FLSA cases is whether the defendant is the plaintiff's "employer", or whether the plaintiff is an independent contractor. The "label" that each party may apply to the individual in the course of their working relationship does not matter. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729, 67 S. Ct. 1473, 1476, 91 L. Ed. 1772 (1947) ("Where the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of [FLSA].") Despite Defendants assertions, then, it is irrelevant that Cook entered into agreements that stated he would be an "independent contractor."

What matters is whether, as a matter of "economic reality", Defendants employed Cook. *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). Where there is more than one employer, "this court' must apply the economic reality test to each . . . . and each must satisfy'" the test. *Gray*, 673 F.3d at 355 (citing *Graves*, 909 F.2d at 1556). The Court must determine then, whether Cook's

complaint contains enough factual matter, taken as true, to plausibly suggest that he was employed by each Defendant, under the "economic realities" standard.

It is important to note the context of Cook's claims. This Court recently considered a similar motion in a currently pending case, *Britt v. Mississippi Farm Bureau Cas. Ins. Co.*, No. 1:18-CV-00038, 2018 WL 4356589 (N.D. Miss. Sept. 11, 2018). In *Britt*, the insurance agents, rather than agency managers, also allege that Defendants jointly employed them and did not pay them overtime. The factual allegations of the complaint in *Britt* are extremely similar to the ones made here. As this Court said then:

> The Court does not find that Plaintiffs' use of the single "Farm Bureau" moniker makes their pleadings inadequate. As Plaintiffs point out, "Farm Bureau" was meant to stand in for naming each Defendant individually. Nor does the Court find that Plaintiffs must specifically plead the measure of control each Defendant asserted over Plaintiffs vis-à-vis the other Defendants. That requires more specificity than necessary under the 12(b)(6) standard. Further, that requirement would be especially unworkable here, where Plaintiffs' allege that all three Defendants equally shared control over the Plaintiffs through the same management individuals. Plaintiffs' claims of employment are well-plead whether they listed the names individually or not.

*Id.* at *4. The Court distinguishes Cook's use of the "Farm Bureau" moniker from the typical shotgun pleading that "attribute[s] discrete actions . . . to all or multiple defendants without explaining the basis for such grouping or distinguishing between the relevant conduct" of the defendants. *Sahlein v. Red Oak Capital, Inc.*, No. 3:13-CV-00067-DMB-JM, 2014 WL 3046477, at *4 (N.D. Miss. July 3, 2014) (citing *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001). Here, Cook adequately provides a basis for grouping the Defendants together. He alleges that when "Farm Bureau" individuals managed him, they did so on lines of insurance sold by all three companies. For example, Cook attaches an "Agency Manager Evaluation" form completed by Brian Hicks. Compl., Ex. 3, Agency Manager Evaluation [1-3]. The title page of the evaluation

does not refer to single company but instead the "Mississippi Farm Bureau Insurance Companies". *Id.* Although Hicks attached LinkedIn page lists him as a District Sales Manager for SFB Life, *see* LinkedIn Profile, Compl. Ex. 6, [1-6], the Agency Manager Evaluation contains evaluations of Cook's business production for not just life insurance products but property and casualty insurance policies as well, none of which SFB Life sells, but which the other two defendants do. *See* Agency Manager Evaluation at 2.

With that in mind, the Court turns to the economic reality test. In *Britt* this Court set out the various economic reality factors courts consider when determining whether an employer-employee relationship exists:

> Over the years the Fifth Circuit has promulgated various factors to consider in this "economic realities test." In one instance the Fifth Circuit has instructed courts to consider: "the total employment situation . . . with particular regard to the following questions: (1) Whether or not the employment takes place on the premises of the company?; (2) How much control does the company exert over the employees?; (3) Does the company have the power to fire, hire, or modify the employment condition of the employees?; (4) Do the employees perform a 'specialty job' within the production line?; and (5) May the employee refuse to work for the company or work for others?" *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669–70 (5th Cir. 1968). In another, the factors included considering whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)). In yet another version, factors were "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008) (citing *Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299, 303 (5th Cir. 1998). These factors are not exhaustive, and "[n]o single factor is determinative." *Id.* (citing *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d

> 1042, 1043–44 (5th Cir. 1987)). The ultimate question is whether "the individual is, as a matter of economic reality, in business for himself or herself." *Herman*, 151 F.3d at 303.

*Britt*, 2018 WL 4356589, at *3–4.

The Court finds that Cook has alleged that facts that could establish that each of the Defendants employed him. For example, Cook alleges that the entities share control of the ability to fire Cook, that they set his work schedule, and that they tracked when its Agency Managers worked. Compl. at ¶¶ 92–93, 99. He alleges that the Defendants maintained a code of conduct by which he was expected to abide, and that Defendants provided Cook with physical facilities, and monitored his computer usage. *Id.* at 105–106. He also alleges that Defendants controlled how Cook was able to market or advertise insurance services. Further, in the Agency Manager Evaluation, Cook's supervisor rates him on numerous aspects of Cook's work performance, suggesting a level of control far greater than that of an independent contractor. Agency Manager Evaluation at 3–6. The Court finds that Cook has sufficiently plead that Defendants each employed him.

## II. Joint Employment

Next, the Court considers whether Cook sufficiently alleges the Defendants were joint employers. Department of Labor regulations concerning joint employment state that:

> Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
>> (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or
>>
>> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or

> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer

29 C.F.R. § 791.2(b).

Horizontal joint employment "exists where the employee has employment relationships with two or more employers and the employers are sufficiently associated or related with respect to the employee such that they jointly employ the employee" *Joaquin* 2016 WL 3906820, at *7. The inquiry "focuses on the relationship of the employers to each other." *Id.*

Cook alleges that Defendants shared the ability to control and supervise him, to determine his compensation, and to hire and fire him. Compl. ¶¶ 27, 38. The complaint further alleges that all three entities share common management, share advertising marks and branding, and utilized Cook and other Agency Managers to manage insurance agents who sold insurance lines for all three defendants. *Id.* ¶¶ 19–33. The complaint sufficiently alleges facts showing that Defendants jointly employed Cook.

### III. Hours Worked

Finally, the Court considers whether Cook has alleged that he worked more than 40 hours a week for the Defendants without overtime pay.

Defendants each argue because Cook does not allege that he worked more than 40 hours a week for each Defendant he has not stated a claim against any of them. However, because the complaint sufficiently alleges that Defendants jointly employed Cook, his work for all three is considered "one employment" and the Court must aggregate the hours worked for each Defendant in a given week. *See* 29 C.F.R. § 791.2(a); *Wirtz*, 368 F.2d at 141.

Cook alleges that he was a non-exempt employee who "frequently and routinely worked over 40 hours per week", that Defendants knew they were required to pay him overtime pay, and

that Defendant failed to do so. Compl. ¶¶ 1, 4 114–115, 121, 134. Defendants argue that these allegations are conclusory and a simple rephrasing of a FLSA claim's elements and therefore do not sufficiently allege factual allegations to support the claim.

The Defendants presented this same argument in *Britt*. *See* 2018 WL 4356589, at *4. Here, as in *Britt*, Cook's factual assertions are sufficient enough to state a claim for relief under FLSA. The federal courts in this state have held that a plaintiff must plead that "(1) that she worked overtime hours without compensation; and (2) that the employer knew or should have known that she worked overtime but failed to compensate her for it." *Edwards v. Minact Logistical Servs.*, No. 3:17CV909-HSO-LRA, 2018 WL 3027252, at *2 (S.D. Miss. June 18, 2018) (citing *Haymon v. City of Jackson*, No. 3:12CV325-DPJ-FKB, 2012 WL 6626645, at *2 (S.D. Miss. Dec. 19, 2012)). Cook has pleaded that he worked over 40 hours a week for Defendants, who jointly employed him, that Defendants knew they were required to pay him overtime pay, and that Defendants did not do so. This is sufficient to state a claim for relief. *Hoffman v. Cemex, Inc.*, Civil Action No. H–09–3144, 2009 WL 4825224, at *3(S.D. Tex. Dec. 8, 2009) (holding that plaintiffs met pleading standard by alleging "they were classified as nonexempt, that they regularly worked more than 40 hours per workweek, and that they were not paid time-and-a-half for those overtime hours.")

## Conclusion

Cook has sufficiently plead that Defendants each employed him, that they jointly employed him, and that Defendants failed to compensate him for overtime hours worked. He has stated a claim for relief under FLSA. Cook concedes that his FICA claims should be dismissed, Accordingly, Defendants' motions are granted in part and denied in part.

A separate order shall issue.

This the 13th day of November, 2018.

_____
SENIOR U.S. DISTRICT JUDGE