UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DONALD COOK                                                              PLAINTIFF

v.                                                        Civil No. 1:18-cv-00076-GHD-DAS

MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, et al.                                               DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff Donald Cook's motion for conditional certification [42] and Defendants Mississippi Farm Bureau Casualty Insurance Company, Southern Farm Bureau Life Insurance Company, and Southern Farm Bureau Casualty Insurance Company's objections [55] to Cook's proposed notice and notice plan. Having considered the matter, the Court finds the motion to certify the class should be denied.

### Background

Cook is a former insurance agency manager for the Farm Bureau Defendants, and in this role, he managed agents who sold insurance for them. Cook alleges that the Farm Bureau Defendants, acting as joint employers, classified him as an independent contractor, but treated him in such a way that he was, in reality, an employee. Cook further alleges that he regularly worked more than 40 hours a week and that the Farm Bureau Defendants did not pay him overtime as required by the Fair Labor Standards Act.

Cook seeks to certify a collective action on behalf of other agency managers under 29 U.S.C. § 216(b), and asks this Court to order Defendants to provide him with the contact information of potential class members. Further, he asks the Court to authorize him to send the proposed notice and reminder notice attached to his motion to potential class members.

The Farm Bureau Defendants oppose conditional certification of the class and object to provisions of the proposed notice and notice plan.

1

## Section 216(b) Certification Standard

The Fair Labor Standards Act (FLSA) requires that employers pay employees who work more than 40 hours a week with overtime pay on those excess hours unless the statute exempts those employees. 29 U.S.C § 207(a). Section 216(b) of the Act provides that an employee not paid such wages may bring an action for himself and any "other employees similarly situated" who join the case by providing written consent. *Id.* § 216(b).

As in a companion case, *Britt v. Farm Bureau*, No. 1:18-cv-00038-GHD-DAS, the Farm Bureau Defendants urge this Court to apply a Rule 23 standard to the conditional certification question.[1] However, as the Court stated in *Britt*, the approach set out in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J. 1987) is the correct way to determine condtiional certification in an FLSA action. 2019 WL 943404, at *1 (N.D. Miss. Feb. 26, 2019).

The *Lusardi* approach proceeds in two stages: the "notice stage" and the "decertification stage." *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 512 (W.D. Tex. 2015) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 ,123 S. Ct. 2148, 156 L.Ed. 2d 84 (2003)). In the notice stage, the court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Alsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). Because this stage "typically occurs early in the litigation[,] the Court's review is usually based on the pleadings and any attached affidavits[,] and 'the determination is made using [a] fairly lenient standard." *Brown v. United Furniture Indus., Inc.*, No. 1:13-CV-00246-SA-DAS, 2015 WL 1457265, at *4 (N.D. Miss. Mar. 30, 2015) (quoting *Mooney*, 54 F.3d at 1214). "If the court finds that the putative class members are similarly situated, then conditional certification is warranted and the plaintiff will be given the opportunity to send notice to potential class members," and the parties conduct discovery. *Dyson*, 308

---

[1] *Britt* is a collective action involving the insurance agents.

2

F.R.D. at 512. After discovery, the defendant may move for decertification, "at which time the Court conducts a more factually intensive inquiry into the similarly situated question to determine whether the suit may proceed as an FLSA collective action. *Brown*, 2015 WL 1457265, at *4 (citing *White v. NTC Trnasp., Inc.*, 2013 WL 5874566, at *1–2 (N.D. Miss. Oct. 31, 2013)). No discovery had occurred when this motion was filed, and so the Court conducts the notice stage inquiry.

Conditional certification is appropriate where there are "substantial allegations that the putative class members were together victims of a single decision, policy, or plan . . . ." *Mooney*, 54 F.3d at 1214 n.8 (internal quotations omitted). "[T]his determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* The question is whether "based on the pleadings and attached affidavits, Plaintiffs have made an preliminary showing that the proposed class members are similarly situated" *Brown*, 2015 WL 1457264, at *6 (citing *Mooney*, 54 F.3d at 1214). "Relevant factors to guide the Court are 'whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread plan was submitted.'" *White*, 2013 WL 5874566, at *1 (N.D. Miss. Oct. 31, 2013) (quoting *Songer v. Dillon Resources, Inc.*, 569 F.Supp.2d 703, 707 (N.D. Tex. 2008)).

**Analysis**

Cook defines the putative class as

> All individuals who, through a contract or agreement with Mississippi Farm Bureau Casualty Insurance Company, Southern Farm Bureau Life Insurance Company and/or Southern Farm Bureau Casualty Insurance Company, perform or performed as insurance agency managers for and who were classified on paper by Mississippi Farm Bureau Casualty Insurance Company, Southern Farm Bureau Life Insurance Company and/or Southern Farm Bureau Casualty Insurance Company as "independent contractors" anywhere in the State of Mississippi at any time from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join in this action pursuant to 29 U.S.C. § 216(b).

Cook provided with his motion his own affidavit wherein he states that there are "approximately 80 to 100 other Mississippi Farm Bureau Managers" that "had the same or substantially similar working and pay conditions," that "Defendants had a policy or plan of classifying Mississippi Farm Bureau agency managers as independent contractors on paper to avoid paying them overtime pay," and that despite doing so, "Defendants required or allowed Mississippi Farm Bureau agency managers to work in excess of 40-hours a week." Affidavit of Donald Cook [42-1] at 2–3. There are no other affidavits or consent forms from any other potential class member.

The question is whether Cook's sole affidavit is sufficient to establish that there other potential plaintiffs that are similarly situated.[2] At the notice stage, the plaintiff must show that "there is a reasonable basis for crediting the assertions that aggrieved individuals exist . . . and that those individuals want to opt in to the law suit." *Santinac v. Worldwide Labor Support of Illinois, Inc.*, 107 F. Supp. 3d 610, 615 (S.D. Miss. 2015) (quoting *Harris v. Hinds Cnty.*, No. 3:12–cv–00542–CWR–LRA, 2014 WL 457913, at *1 (S.D. Miss. Feb. 4, 2014) (internal quotation marks omitted.)

This lone affidavit is insufficient to meet that standard. A plaintiff's "reliance on merely his own allegations that the putative class members exist and together were the victims of a single decision, policy, or plan" is not enough for conditional certification and notice. *Santinac v. Worldwide Labor Support of Illinois, Inc.*, No. 1:15CV25-LG-RHW, 2015 WL 461701, at *3 (S.D. Miss. Feb. 4, 2015) (quoting *Simmons v. T–Mobile USA, Inc.*, No. H–06–1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007). "While affidavits *per se* are not required, [the plaintiff] must still submit some form of evidence that additional aggrieved persons exist." *Id.*

---

[2] Defendants provided declarations of other agency managers to dispute Cook's affidavit. *See* Declarations, [53-1] through [53-7]. The Court disregards these declarations because "it is not the Court's function to resolve these factual disputes at notice stage," even if the plaintiff's allegations are "substantially contradicted by Defendants' own affidavits." *Brown*, 2015 WL 1457265, at *6 n.5.

The plaintiffs in *Britt* provided the Court with such evidence. They submitted not only the affidavits of the multiple named plaintiffs but also four additional affidavits of potential opt-in plaintiffs. *Britt*, 2019 WL 943404, at *2. Moreover, the individuals each asserted that they were victims of policies imposed by defendants that treated like employees instead of independent contractors. *Id.* at *3. Here, Cook's affidavit only establishes that *he* was subjected to a policy that treated him as an employee and required him to work overtime without pay. It does not show that anyone else was a victim of that policy.

Cook points to a declaration submitted by the defendants that describes agency managers' job duties collectively. Henry Hamill Declaration [53-1]. While that may be evidence that all agency managers had similar job functions, nothing in that declaration shows that other agency managers were subject to a single policy or plan that violated the FLSA. And although generally, "the best way to determine whether a party is interested in joining a lawsuit is to send her notice and allow her to opt in," *Burke v. Mgmt. & Training Corp.*, No. 3:16-cv-00152-NBB-JMV, 2017 WL 3166840, at *3 (N.D. Miss. July 25, 2017) (quoting *Brooks v. Illusions*, Inc., No. 5:16-cv-00031-KS-MTP, 2016 WL 6781244, at *2 (S.D. Miss. Nov. 16, 2016) (internal quotation omitted)), courts have routinely denied conditional certification where the plaintiff has submitted no more than his assertion that other class members existed and were subject to the same FLSA-violating policy or plan. *See, e.g.*, *Santinac*, 2015 WL 461701, at *3 (denying certification based only on plaintiff's "mere averment 'that there are hundreds of similarly-situated current and former employees who were not paid overtime owed' and that 'potential opt-in Plaintiffs undoubtedly exist.'"); *Strickland v. Hattiesburg Cycles, Inc.*, No. 2:09-CV-174-KS-MTP, 2010 WL 2545423, at *2 (S.D. Miss. June 18, 2010) (denying conditional certification where plaintiff filed only one affidavit and consent form with the court); *Morales v. Thang Hung Corp.*, No. 08-CV-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009)(same); *Treme v. HKA Enterprises, Inc.*, No. CIV.A. 07-1134, 2008 WL 941777, at *3 (W.D. La. Apr. 7, 2008) (same). Further, the Court has not identified a single instance in this district where

the Court approved conditional certification based on a lone affidavit filed by the plaintiff. In sum, Cook has not yet established that a class of similarly situated individuals exists.

## Conclusion

"While the plaintiffs' burden at this stage is not onerous, neither is it invisible." *Songer*, 569 F. Supp. 2d at 706. Cook has not met the burden by providing substantial allegations that potential class members exist and were together subject to a single plan or policy that violated the law. Accordingly, his motion for conditional certification is denied.

An order in accordance with this opinion shall issue.

This, the 31st day of March 2019.

_____
SENIOR U.S. DISTRICT JUDGE